**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-20432
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES EDWARD BATES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-217-1

April 16, 1999

Before POLITZ, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Charles Edward Bates appeals his conviction and sentence for possession with intent to distribute crack cocaine and aiding and abetting. He argues that the evidence at trial was insufficient to support his conviction as well as the two-level sentencing adjustment for his leadership role in the offense. This court ordinarily reviews the sufficiency of the evidence to determine whether any reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992). Bates moved for a judgment of acquittal at the close of the Government's case. However, Bates did not move for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment of acquittal at the close of all the evidence.   Therefore, Bates's sufficiency claim is reviewable only for plain error.  United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994). Under the plain error standard, this court will reverse only if there is a manifest miscarriage of justice. Id.  A miscarriage of justice exists only when the record is devoid of evidence pointing to guilt or when the evidence on a key element of the offense is so tenuous that a conviction would be shocking. United States v. Pierre, 958 F.2d 1304, 1310 (5th Cir. 1992)(en banc).

Bates has failed to establish that a miscarriage of justice occurred as a result of his conviction. Nor has he shown that the district court clearly erred in assessing a two-level upward adjustment in his guideline range on the basis of his leadership role in the offense.  See United States v. Watson, 988 F.2d 544, 550 (5th Cir. 1993).  The evidence at trial sufficiently established Bates' guilt as well as his leadership role in the offense.

AFFIRMED.